Hand-Delivered

FILED
CHARLOTTE, NC

OCT 14 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID SMITH<br>　　　　Plaintiff, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| v. | ) Case No. 3:25-CV-788-MOC<br>) |
| EXPERIAN INFORMATION<br>SOLUTIONS INC.<br>Defendant. | )<br>)<br>)<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.　　INTRODUCTION

1.　　This is a civil action by Plaintiff DAVID SMITH, an individual consumer, seeking actual, statutory, and punitive money damages against Defendants EXPERIAN INFORMATION SOLUTIONS INC., ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II.　　JURISDICTION AND VENUE

2.　　Jurisdiction of this court arises under 15 U.S.C. 1681(p), and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact

1

business in Charlotte, Mecklenburg County, North Carolina, and the conduct complained of occurred in Charlotte, Mecklenburg County, North Carolina.

## III.   PARTIES

3.    Plaintiff, DAVID SMITH, is a natural person residing in Charlotte, Mecklenburg County, North Carolina. Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a (b) and (c).

4.    Upon information and belief, Defendant EXPERIAN is a California entity duly authorized and qualified to do business in the state of North Carolina.

5.    Defendant EXPERIAN is a "Consumer Reporting Agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

6.    Upon information and belief, Experian is regularly engaged in the business of compiling, and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

2

A. Public Record information;

B. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

C. For purposes of this complaint, any reference to "Defendant" or "Experian" includes, without limitation, the named Defendants, Its agents, employees, representatives, attorneys, contractors, business associates, partners, successors, predecessors, assigns, affiliates, parents, subsidiaries, officers, directors, managing agents, and any person or entity acting or purporting to act on behalf, with its authorization, ratification, or knowledge. It also includes any fictitiously named defendants, and any other third party that participated in, contributed to, or benefited from the violations alleged in this Complaint, Whether directly or indirectly.

## IV. FACTS OF THE COMPLAINT

### PRELIMINARY STATEMENT ON CREDIT REPORTING

7. Credit Reporting is a fact of modern-day life.

8. Plaintiff like other consumers in America has no choice on whether private companies such as EXPERIAN maintain and sell credit reports on PLANTIFF to other companies typically "users" of credit reports.

9. Experian is not allowed to report false information.

10. Experian is not allowed to report inaccurate information.

11. Experian is not allowed to report incomplete information.

12. Experian is not allowed under the law to report incomplete information.

13. Congress passed the FCRA and specifically stated in section 1681(a)(4) that "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumers right to privacy."

## VI. DEFENDANT EXPERIAN REFUSED TO PROVIDE PLANTIFF WITH A FULL FILE DISCLOSURE AS REQUIRED BY SECTION 1681G(A)(1) OF THE FCRA

14. On or about August 17, 2025, PLAINTIFF submitted a request for his complete consumer file through annualcreditreport.com.

15. EXPERIAN provided the report numbered 0597-4746-82 (Exhibit A)

16. That disclosure was incomplete. It omitted critical information that EXPERIAN maintains in its files.

4

17. Missing and redacted fields include account numbers, SSN variations, recent payments, monthly payments amongst other critical data.

18. Experian posse's those fields as it's a requirement of their Metro 2 reporting standards for furnishers reporting data.

## VIII. DAVID SMITH ACTUAL DAMAGES FROM EXPERIAN ACTION AND INACTIONS

19. The Plaintiff has experienced significant emotional distress due to Experian's failure to disclose all information in his file. This confusion and frustration have led to therapy sessions based on these experiences.

## VIII. FIRST CLAIM FOR RELIEF
### (Defendant Experian)
### 15.U.S.C 1681g(a)1

20. Defendant Experian has caused injury in fact, by causing among other effects, mental and emotional distress, damage to credit reputation, and resulting credit damages to Plaintiff.

21. Defendant Experian has done so either negligently or willfully.

22. Plaintiff is entitled to actual damaged, punitive damages, and cost pursuant to 15 U.S.C 1681n, $1,000 per incident.

5

23. Alternatively, Plaintiff is entitled to actual damages, and cost if violations are negligent, pursuant to 15 U.S.C 1681n, $1,000 per incident.

## IX. <u>JURY DEMAND AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DAVID SMITH respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

D. Costs pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/ David Smith

10310   Bradstreet   Commons   Way

Charlotte, NC 28215
815.600.4751 (telephone)
teddyg1989@gmail.com (email)

6

7